UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IVAN OBREGON MINA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 23-12398-LTS |
| PATRICK LECHLEITNER, | ) ) ) | |
| Respondent. | ) ) | |

TRANSFER ORDER

October 17, 2023

SOROKIN, J.

On October 17, 2023, Ivan Obregon-Mina, an immigration detainee currently in custody at the Strafford County Department of Corrections in Dover, New Hampshire, filed a . filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Doc. No. 1.  Named as respondent is Patrick Lechleitner of the United States Department of Homeland Security Immigration and Customs Enforcement Boston Field Office.  *Id.* (case caption).  Petitioner states that he has been in custody since January 23, 2023, and challenges his detention under the principles of due process articulated by the  United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). . *Id.* at ¶ I3.  Petitioner is represented by counsel and the $5.00 filing fee was paid.

Because petitioner is not in custody within the District of Massachusetts, this Court is without jurisdiction to adjudicate this matter.  Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed.  See 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*,

542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Because the petitioner is confined within the District of New Hampshire, this Court is without jurisdiction to entertain the petition.

When a district court lacks jurisdiction, it may, in the interest of justice, order the case to be transferred to another court that would have jurisdiction. 28 U.S.C. § 1631. Here, the Court finds that it is in the interest of justice to transfer the action to the district of his confinement.

In accordance with the foregoing, the Court hereby orders that the Clerk shall TRANSFER this action to the United States District Court for the District of New Hampshire. The case shall then be closed.

                                            SO ORDERED.

                                            /s/ Leo T. Sorokin
                                            Leo T. Sorokin
                                            United States District Judge